IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
DEC 1 4 2001
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHWEST INTELECOM, INC. d/b/a | § | |
| INTELECOM, INC. d/b/a | § | |
| INTERNATIONAL TELEMANAGEMENT | § | No. A 01CA 496 JN |
| CORP., and d/b/a INTERNATIONAL | § | |
| TELEMANAGEMENT & | § | |
| COMMUNICATIONS CORPORATION, | § | |
| LINDA COLLINS, | § | |
| JOHN A. COLLINS, and | § | |
| JON MANICCIA, | § | |
|     Defendants. | § | |

## PLAINTIFF'S MOTION TO STAY DEPOSITION OF THE STATE OF TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, the State of Texas, in the above captioned case, and files this, its Motion to Stay Deposition of the State of Texas, and respectfully shows the Court as follows:

1. On November 1, 2001, Defendant Southwest Intelecom, Inc. noticed Plaintiff with its intent to take the Deposition of the State of Texas starting on Monday, December 17, 2001. Included in the Defendant's Notice were areas of inquiry related to possible investigations of and communications with other companies and the mental processes of the State of Texas.[1] Defendant's

---

[1] Some of Defendant's specific areas included:
"5. The number of complaints lodged against Qwest, international and national.
6. The rate of international complaints lodged against Qwest, as measured by the number of calls from Mexico versus the number of complaints lodged.
7. The number of complaints lodged against Oncor or OCI.
8. The rate of complaints against Oncor or OCI, as measured by the number of calls from Mexico versus the number of complaints lodged.
******
13. The substance of the communications that occurred during the investigation that lead to the filing of the lawsuit to which this Notice of Deposition applies between the State of Texas and any of the following:



position is that they are entitled to this information as a means of finding evidence to develop an argument in support of their affirmative defense of selective prosecution.[2] Plaintiff's position is Defendant has not made a colorable claim of selective prosecution an thus, is not entitled to discovery for the selective prosecution defense, and that the information sought is confidential and privileged attorney work product.

2.  The parties have conferred as to these differing positions, but now are at an impasse. Defendant Southwest Intelecom, Inc. has threatened that it will seek sanctions should the State assert its position with regards to the pending deposition of the State of Texas.[3] This difference of opinion, however, is also relevant to the Request for Production issued by Defendants, as well as any future discovery requests that may be forthcoming. Plaintiff's position is that the Court's guidance is needed to avoid the potential for repetitive discovery requests, as well as continued discovery disputes.

3.  Plaintiff is also filing a Motion for Protective Order seeking to stay all discovery prior to the resolution of the disputed issues present in the Plaintiff's Motion to Dismiss. Until the Court

---

Qwest Communications, Billing Concepts, Inc., Zero Plus Dialing, Inc., NCIC, Opitcom, Oncor, NOS or any contractor of Intelecom (including the so called "Agents"). Specifically included in this request are all communications between Billing Concepts or Zero Plus Dialing and the State of Texas, including those initiated by said companies in February 2001.

*******

15. The substance of the negotiations that lead to any agreements and assurances of voluntary compliance between the State of Texas and Billing Concepts and/or Zero Plus Dialing, Inc.

*******

39. The reasons for the State of Texas bringing suit against Southwest Intelecom, Inc. and not against any of its carriers or contractors.

40. The reasons for the State of Texas bringing suit against Southwest Intelecom, Inc. and not against any of its competitors." P. 3-5 of Notice of Intention to Take Oral Deposition of The State of Texas.

[2] *"Defendants assert that the problem of consumer complaints of the nature generally outlined by the Texas Attorney General is a problem that has plagued many parties similarly situated in the operator service business as Intelecom. Many of these parties are located in Texas yet they have not been made a party to this action or to any other similar action. As such, the Texas Attorney General is singling Intelecom out for selective prosecution."* Page seven, paragraph 3.11 of the Collins first amended original answer; identical language is found at paragraph 3.11, page 10 of Defendant Intelecom's original answer.

[3] See attached letters marked Exhibit A and B.

rules on Plaintiff's Motion to Dismiss, Plaintiff believes Defendants' requested discovery is irrelevant and intends to object to this entire line of questioning. Any continued discovery without first resolving these issues therefore would be unduly burdensome since the likely benefit will be outweighed by the expense. Moreover, allowing the deposition to go forward could result in duplicative procedures. However, recognizing the limited time prior to the deposition scheduled for December 17, 2001, Plaintiff has filed this Motion to Stay the Deposition of the State of Texas in order to give the Court time to address the issues presented in its Motion for Protective Order and the Motion to Dismiss.

   3.  Plaintiff prays that their Motion to Stay Deposition of the State of Texas be granted, pending the Court's ruling on Plaintiff's Motion for Protective Order.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

PAUL D. CARMONA
Chief, Consumer Protection Division


_____
PEDRO PEREZ, JR
State Bar No.00788184
D. ESTHER CHAVEZ
State Bar No. 04162200
Assistant Attorneys General
P.O. Box 12548
Austin, Texas 78711
Tel: 512.475.4628
Facsimile: 512.473.8301

## CERTIFICATE OF SERVICE

U.S. mail PP

I certify that I transmitted via ~~facsimile~~ a copy of the foregoing to counsel for Defendants on this the 14th day of December, 2001. Mailing addresses and telephone numbers for the attorneys of record are noted below.

*/s/ Pedro Perez*
Pedro Perez, Jr.

ROBERT D. THOMAS
THOMAS, HUDSON & NELSON, L.L.P.
900 Norwood Tower
114 West 7th Street
Austin, Texas 78701
Tel: 512.495.1441
Facsimile: 512.495.6550
ATTORNEY FOR DEFENDANTS JOHN A. COLLINS AND LINDA COLLINS

CARL T. WIBBENMEYER
1300 West Koenig Lane, Suite 102
Austin, Texas 78756
Tel: 512.784.6912
Facsimile: 512.452.2276
ATTORNEY FOR DEFENDANT SOUTHWEST INTELECOM, INC.

RUSS HAM
HAM & MILLS, P.C.
3307 Northland Dr., Suite 150
Austin, Texas 78731
Tel: 512.459.2281
Facsimile: 512.459.2289
ATTORNEY FOR DEFENDANT JON MANICCIA

## **CERTIFICATE OF CONFERENCE**

      I certify that I have in good faith conferred or attempted to confer with other affected parties in an effort to resolve this dispute without court action, but that the parties are unable to resolve this matter.

                                                          _____
                                                            Pedro Perez, Jr.

# CARL T. WIBBENMEYER, P.C.
1300 W. Koenig Lane, Suite 102
Austin, Texas 78756
(512) 784-6912

December 12, 2001

Pedro Perez
D. Esther Chavez
Assistant Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, Texas 78711

VIA FACSIMILE
473-8301

RE:   *The State of Texas vs. Southwest Intelecom, et. al.,*

Dear Pedro and Esther:

I apologize for missing this morning's meeting. I understood that the meeting was scheduled for 1:30, not 9:30. Hopefully, we can meet to discuss these issues this afternoon.

The deposition will not be videotaped.

We have noticed the State of Texas for a deposition for an agreed upon date. The Notice of Deposition was sent to you on or about October 30, 2001. In the Notice, we set forth the various topics for the deposition. It is the Defendants intention to address those topics, notwithstanding your written notification that you will instruct the witness not to answer questions in certain categories. If you do so instruct the witness, Intelecom, and I expect all of the Defendants, will file the appropriate Motions seeking sanctions and compulsion.

Sincerely,

Carl T. Wibbenmeyer

STATE'S EXHIBIT A

xc:

Robert Thomas
Thomas, Hudson & Nelson, L.L.P.
900 Norwood Tower
114 West 7th Street
Austin, Texas 78701

Russ Ham
Ham & Mills, P.C.
3307 Northland, Ste. 150
Austin, Texas 78731



OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

December 12, 2001

**Via Facsimile Only**

Carl T. Wibbenmeyer
Attorney at Law
1300 West Koenig Lane Suite 102
Austin, Texas 78756

    Re:    Pending discovery matters

Carl:

    As you know, we were scheduled to confer with you last week and then again today regarding the State's response to Defendants' Request for Production. I understand that last week you were out ill and this morning, I telephoned, did not get a response and will wait to hear from you regarding rescheduling that discussion. If you were not going to be able to make this morning's call, I would have appreciated some notice. That is why I faxed to you a reminder and confirmation of this morning's call Monday afternoon (See attached.) Nevertheless, I will wait for you to call so that we can reschedule.

    In the meantime, let me articulate a couple of matters that were intended for discussion with you. First, in order to properly prepare for this next Monday's deposition, I would appreciate your letting me know whether you in fact will have this deposition videotaped. (Your notice says that you "may".) If I do not hear from you regarding this issue by close of business today, I will assume that you have decided not to videotape Monday's deposition.

**STATE'S EXHIBIT B**

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 TEL:(512)463-2100 WEB: WWW.OAG.STATE.TX.US
An Equal Employment Opportunity Employer · Printed on Recycled Paper

Second, as a matter of professional courtesy, I would like to put you on notice that, as reflected in Plaintiff's response to Defendants' request for production, there are nonrelevant and privileged areas that the Plaintiff contends are not within the scope of allowable discovery. To the extent that you intend to inquire into those areas at this upcoming deposition, we will not allow the witness to answer questions concerning those areas including inquiries regarding investigations of other telecommunications related companies, communications with other telecommunications-related entities; and substantive discussions the witness has had with the State's attorneys concerning this case, other telecommunications-related entities, and/or any of the State's current or past investigations.

As noted above, I will wait to hear from you regarding a rescheduling of our call.

Respectfully Yours,

Pedro Perez, Jr.
Assistant Attorney General
Consumer Protection Division
512-475-4656
512-473-8301(fax)

cc: Robert Thomas
    Russell Hamm

2